

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George W. Cox, M. D.
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. 0-5610
Re: Does the State Health Of-
ficer, under the quaran-
tine law, have authority
to transport persons, who
have venereal diseases, to
strategic centers within
this State, maintained,
operated and supervised by
Federal authority, for
treatment?

Your request for an opinion on the above captioned
subject has been received and carefully considered. We quote
from your request as follows:

"A program of treatment for patients who have
been found to have venereal diseases is now under
way in the State of Texas. In providing this treat-
ment for such affected persons, it is necessary that
the State Health Officer exercise granted authority
under present quarantine laws.

"As such persons are to be transported to strate-
gic treatment centers and held there for treatment
until such time as the Health Officer may release
them from quarantine, the Federal Government desires
to establish these treatment centers under Federal
authority and maintain, operate, and supervision of
these treatment centers after they are established.

"The Federal Government, however, has request-
ed that the State Department of Health cooperate in

such program, in view of the fact that they have no authority to quarantine a person within the State of Texas. Therefore, they request that the State Health Officer exercise his powers of quarantine, transport such person to a federally operated center within the State of Texas to be treated by the Federal Government.

"I would like to know whether or not I have authority, under present quarantine laws, to transport a person to a Federal hospital for treatment by them, or whether it would be required that I maintain control and continue to exercise quarantine authority over such person who has been found to have such a contagious disease."

In a previous communication you requested this department for an opinion on the following questions:

"A prostitute infected with syphilis and gonorrhea in an infectious stage is diagnosed and quarantined in City A, County B. Would State or county police or sheriff's departments have the legal authority to remove said infected prostitute to another county or city for quarantine and treatment purposes?

"It is being contemplated that three quarantine hospitals will be established to care for the infected prostitutes throughout the State and the question asked about has arisen whether any police officers would have the legal right to remove an infected prostitute from one county to another."

In answer to that communication, in Opinion No. O-4736, this department held the following:

"The state Board of Health has broad rule making power with respect to public health matters. We think the State Board of Health has authority to make rules, regulations and orders providing for the establishment of these quarantine stations and/or hospitals; providing for the arrest and examination of infected prostitutes upon orders of the local health

authorities as well as state health authorities; providing for the issuance of orders of commitment by the various health authorities committing infected prostitutes to said quarantine stations and/or hospitals for detention and treatment; providing authority for peace officers to make arrests and execute orders lawfully issued by the various health officers; and providing in general all reasonable and necessary rules and regulations which the State Board of Health deems necessary and advisable to carry out the desired purposes of dealing with the suppression of venereal diseases.

"It is therefore our opinion that your question should be answered in the affirmative, if such officers were authorized to take such action by proper rules and regulations of the State Board of Health and such officers were furnished with proper warrants and/or written orders issued by the proper health authorities under proper rules and regulations promulgated by the State Board of Health.

"The reasonableness and legality of the various orders detaining persons at said hospitals will be determined by the particular facts in each case and may be inquired into by habeas corpus."

From an inspection of our Federal statutes, we find that our National Government has seen fit to take steps to cooperate with State boards or departments of health for the prevention and control of venereal diseases.

Section 25a of Title 42, The Public Health, U.S.C.A., reads as follows:

"For the purpose of assisting States, counties, health districts, and other political subdivisions of the States in establishing and maintaining adequate measures for the prevention, treatment, and control of the venereal diseases; for the purpose of making studies, investigations, and demonstrations to develop more effective measures of prevention, treatment, and control of the venereal diseases, including the training of personnel; for the

pay, allowances, and traveling expenses of commissioned officers and other personnel assigned to duties in carrying out the purposes of sections 25a to 25e, inclusive in the District of Columbia and elsewhere; and for the printing of reports, documents, and other material relating thereto, there is hereby authorized to be appropriated for the fiscal year ending June 30, 1939, not exceeding the sum of $3,000,000; for the fiscal year ending June 30, 1940, not exceeding the sum of $5,000,000; for the fiscal year ending June 30, 1941, not exceeding the sum of $7,000,000; and for each fiscal year thereafter, such sum as may be deemed necessary to carry out the purposes of sections 25a to 25e, inclusive."

The Federal Government is authorized to establish, maintain, operate and supervise strategic treatment centers for the treatment of persons with venereal diseases, who are under quarantine by the State Health Officer. It makes no difference whether the State of Federal Government furnishes treatment for persons with venereal diseases while such persons are under quarantine by the State Health Officer.

We think this department's opinion No. O-4736 is well founded and amply supported by authorities cited therein, and answers your question in the instant request. You are therefore advised that you have authority under the present quarantine law to transport persons who have venereal diseases to Federal hospitals for treatment by such hospitals, said persons to remain under quarantine until released by the Health Officer.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      Jesse Owens
Jesse Owens
Assistant

JO:db

SEP 1942

Gerald C. Mann

APPROVED
OPINION COMMITTEE
BY
CHAIRMAN